**SHELTON v NORTHLAWN BURIAL PARK ASSN, et**

Ohio Appeals, 2nd Dist, Franklin Co

No. 1979. Decided March 17, 1931

C. S. Druggan, W. I. Vorys, Huggins & Liggett, and C. W. Gibson, Columbus, for Shelton.

Luther Boger, C. M. Addison and T. H. Moore, Columbus, and J. M. Maher, for Northlawn Burial Park Assn.

ALLREAD, J.

It is claimed on behalf of the plaintiff (1) that the Northlawn Burial Park Association had no authority to convey any portion of the real estate, and (2) that the conveyance made was not in good faith.

Upon the latter proposition we have already expressed our opinion.

Upon the first proposition we are clearly of opinion that the Northlawn Burial Park Association had no actual authority to convey the real estate to Boger.

The statute, §10093 GC, provides that the trustees of the Association may sell land "whenever, in their opinion, any portion of said land is unsuitable for burial purposes." There is no evidence to show that the land sold to Boger was unsuitable. It is true that because of the statute it was made non-usable for that purpose, but that is not equivalent to saying that it is unsuitable for burial purposes.

This case presents an intermingling of different corporations. The property was first purchased by the Northlawn Construction & Development Company. By its contract made with the Northlawn Burial Park Association it, the Construction & Development Company, was to sub-divide and sell the lots and receive the consideration, of which 10 per cent of the consideration from the sale of the lots was to go to the Northlawn Burial Park Association in trust to keep the lots sold in repair. No other consideration came to them under this contract. All of the balance of the consideration was paid to the Northlawn Development & Construction Company, a corporation for profit.

The most that can be claimed is that the Northlawn Burial Park Association held the legal title, first, by reason of the amount per lot paid to them as trustee, and, second, for the benefit of the Northlawn Construction & Development Company, a corporation for profit.

We are clear that under these conditions the Northlawn Burial Park Association held no actual or real beneficial interest in the real estate, and was not authorized to sell the land in bulk or acreage, the real title being in said Association as a corporation not for profit. But the beneficial title was in the Northlawn Construction & Development Company by reason of said contract.

The question is as to a construction of §10096, GC, which provides as follows:

"Land shall not be appropriated, or a cemetery located, by an association incorporated for cemetery purposes, or by a benevolent or religious society, within 100 yards of a dwelling house, unless the owner thereof gives his consent, or unless the entire tract be so appropriated as a necessary addition to or enlargement of a cemetery already located and in use. The limit shall not be less than 100 yards, when it is sought to appropriate for cemetery purposes, property adjoining a cemetery already located and used, when such dwelling house was erected subsequent to the laying out and establishing of a cemetery. Where a cemetery lies within or adjoins a municipal corporaton, the association or corporation owning said cemetery, without such consent, may appropriate property within 100 feet or the width of a street or alley of any dwelling house."

The following section also throws some light upon whether it was intended by the section quoted that the injunction should go against the land included within the 100 yards or the entire cemetery. This section, §10097 GC, provides as follows:

"The provisions of the two preceeding sections shall not be applicable to a corporation or cemetery association owning a cemetery of less dimensions than four acres and situated within one mile of the corporate limits of a municipality."

This §10096 GC was before the Supreme Court in the case of Henry v Trustees, 48 Oh St, page 671. In that case the opinion holds, as we read it, that the limitation of §10096 GC goes to the location of the cemetery and not merely to the portion thereof within the limits.

We also find a reported decision in the case of Frey v Nowlin, 19 Nisi Prius New Series, page 484. The opinion was written by Judge Kinkead of this county, and goes to the extent that the limitation is against the right to establish the cemetery where a part of the cemetery lies within the limit of 100 yards.

The case of Shipley v White, 39 O. L. R., 194, also goes to the same effect.

The theory upon which a law of this kind is sustained is that it is a provision of the Legislature on the general welfare subject, and is based upon the theory that where

a cemetery is too near to a dwelling, it affects the public health and welfare.

We think that the association, having taken steps to establish its cemetery by the conveyance to the Northlawn Burial Park Association, it could not free itself from the liability by a so-called conveyance of a portion of its land to Boger. We think this conveyance did not have the effect that the company now claims, and that the prayer of plaintiff's petition for an injunction which would go to the location of the entire cemetery is proper.

Decree accordingly will be entered.

HORNBECK and KUNKLE, JJ, concur.